Last case today is People v. Enyia, and for the appellate, Ms. Williams, and for the appellate, Mr. Majors, you may proceed. Thank you, Justice. May it please the Court, Counsel. I'm Maureen Williams, appearing on behalf of Mr. Enyia, the defendant. Mr. Enyia was represented by a different attorney at the entering of his guilty plea for a DUI. As the Court probably knows, he registered a .08 with a breathalyzer. The rules, the Supreme Court rules, make it abundantly clear that in order for a person to enter a guilty plea, that person has to be aware of the charges, as well as what the possible sentence could be. In this case, because of Mr. Enyia's own attorney, he was left in the dark regarding those two vital facts. He was told he could be charged with a felony by the state if he did not enter this guilty plea. He was also told that he would most likely spend a year in jail if he did not enter this guilty plea and they went forward with a felony charge. There are a few questions that I would ask that I believe this case brings up, or raises, and that is, should a defendant be allowed to withdraw his guilty plea if his lawyer misconstrues the facts or just outright lies to his client? The case, People v. Trujillo, T-R-U-J-I-L-L-O, a 2012 case from the First District, it did not, it was, this case involved a defendant that only found out about an offer after the fact. The appellate court sent it back and said, if this man's attorney had not told him what the offer was, then he is allowed to start all over again. Let him know what the offer is and then he can make an informed decision. In this case, Mr. Enya did not know that there was no possibility of a felony charge. The first time it was ever brought up to his attention, which he did not catch at the time, was in the middle of the plea hearing. The court asked both parties, or he asked the defendant, are you aware that the state is not, well let me just say it, Mr. Enya, you understand, sir, that the state is making no promises to you in return for your guilty plea? The defendant says yes. And then his attorney jumps in and says, well, your honor, I believe the state, though, is agreeing that they're not going to refile this as a felony if they were able to do so, too. Now, we all know that if you're going to plead to a misdemeanor, there's no chance that the state can come back later and file a felony, so it's obvious that this attorney was doing that for the benefit of his client. So his client will think, oh yeah, I am answering this guilty plea for a reason. Would there be a chance that the Champaign County State's Attorney's Office might actually try to file a felony plea? No, there was no chance of that. Why not? Because of the, well, just further down, in the same transcript, you know, when Mr. Lerner said they're not going to refile this as a felony, then it kind of backfired because the state then said, you know, the judge brought it up and said, I assume, you know, is there something I need to know? And then the prosecutor said, well, as it turns out, there was a probationary license based on our investigation. It's not such that would trigger the lack of license felony charge. So he kind of rebutted what the lawyer said and said, no, we can't charge it as a felony because it was a probationary license. That wouldn't trigger the no license. So Mr. India was present during all of this, right? He was. So he knew that felony was off the table, right? Well, the first time he would have ever caught that would have been that minute, that second. But he was there when it was off the table by the state's attorney, right? Only in the middle of the sentencing, I mean, in the plea hearing. Okay. He was there. But he knew there was no possibility of a felony charge. That's correct. All right. And so two seconds later, you know, well, then after the prosecutor says this would not trigger the lack of license felony charge, the court says, do you have any qualms with that to the attorney? Not to the defendant, but to the attorney. And the attorney's like, you know, he wants his client to think he gave up something for this guilty plea. He's like, no, I don't have any qualms with that. And then immediately the court says, Mr. Enya, you know, there are no promises. And he said, yes. Do you want to enter a guilty plea? Yes. It was that fast after he learned, if he was smart enough to learn, which he wasn't. He didn't catch on to this because he's a defendant. He relies on his lawyer to inform him what's really happening. He's standing there and he hears the prosecutor say, based on our investigation, it's not such that would trigger the lack of license felony charges. If he was sharp enough, he would have figured out that that meant, oh, I can't be charged with a felony. You know, why am I entering this guilty plea? I could go to a trial. But he was told by his attorney, you're going to be charged with a felony and you're going to be sitting at the jail for a year. How does the record show that his lawyer told him he was going to be charged as a felony? In the transcript of the motion to withdraw the guilty plea, the client testified to such. So it was made part of the record that Mr. Enya, the first time he ever realized he could not have been charged with a felony, was at the sentencing hearing when a different prosecutor came in and she made a big deal about it. She said, you know, I didn't even see this piece of paper about the probationary license. If I would have known about this, we wouldn't be here for 20 minutes. We would not have wasted these last 20 minutes. And she said, you know, I'm not going to fight hard for a conviction, leading one to believe that, yeah, he could have gotten court supervision. She basically said, I am not going to ask for a conviction in this matter. So that was the first my client heard, that he could not be charged with a felony, was at his sentencing hearing. Well, I missed this question. I should have asked this earlier. Should the court have inquired as to whether the defendant understood he couldn't be charged? When he said, is there something I need to know, you know, he could have said, well, Mr. Onion, do you know, are you aware of this, that the prosecutor could not, your lawyer just finished saying, well, in exchange, they're not going to refile this as a felony. You understand that's not the case. He could have stopped everything and said, you know this. Or the lawyer could have stood up and said, I need a couple minutes. I need to tell my client exactly what is going on here. He's not looking at a felony. The transcripts reflect that it was absolutely the intention of the lawyer to mislead the client and say, if you don't plead to this today, you're going to be charged with a felony.  And so it's the... Why isn't it equally plausible that the state was attempting to mislead up to a certain point and that when they first talked about this, they said, you know, your guy could get a felony conviction for this because he was driving without, you know, he didn't have a permit or he violated the terms of whatever his permit was. Well, Justice, I thought that for a while because of the sentencing transcript. You know, the second prosecutor came in and said, well, I never knew about this probationary license. And so I'm like, well, what did the state know at the plea hearing? And if you go right to, you know, just a couple lines before my client pled guilty, you know, when the judge said, is there something I need to know, the prosecutor said, as it turns out, there was a probationary license based on our investigation. Well, maybe I overstated that in terms of, I would agree with it. But I'm talking about in the negotiations for the plea. They're getting this guy to plead with no promise of, I mean, it's going to be up to the court, court supervision or whatever. And they tell him, I mean, that's why Justice Afton asked you, Champaign County, is there any possibility that they could charge him with that? Because they would, whether there was any possibility of ever gaining conviction or not. I mean, why isn't that inference just as reasonable as the inference that Mr. Lerner was being deceitful with his client and making him think that he was doing more for him than he was actually doing? I guess I would answer that just because, one, you can go backwards and look at the facts. You can look at the actual license, probationary license, and that will tell you everything you need to know. And the state was absolutely right to do an investigation and say, oh yeah, we can't charge him for a felony charge. There's no way. So this probably was decided long ago. It was just the lawyer who said, I'm going to use this to get my client to plead guilty. I think it all just goes back to tracing, going backwards with the facts. You can determine that. So with the judge, you know, the judge didn't say, do you understand all this? The lawyer didn't say, do you understand all this? Or can I take a break so that I can tell my client he's not looking at a felony? Maybe he wants to regroup or come up to a decision as far as whether he wants to enter this guilty plea. The other question that I kept coming back to is, what point does the client have enough time to voluntarily decide whether they want to enter a guilty plea? If they find out a split second before they enter the guilty plea, is that long enough without the opportunity to talk to their lawyer, to have anyone ask this defendant whether he understood what was happening? The only thing he had to go on to learn he would not be charged with a felony was the prosecutor's one statement that said, it's not such that would trigger the lack of license felony charge. If you take into account how nervous this defendant probably was, his lawyer who he's trusting, telling him the wrong information, the judge who did not ask or inquire as to, you know, do you understand all this? And I would contend that there was not enough time for Mr. Enyett to make a voluntary and knowing decision to enter a guilty plea. It went over his head as was made clear from his testimony at the motion to withdraw the guilty plea. He didn't know this. He didn't catch this. First time he caught wind of this was at the sentencing hearing. Finally, the last question is, well before I get back to that, I'd like to backtrack. When the lawyer was standing there next to this defendant and the judge does not inquire as to whether Mr. Enyett was fully aware that he could not be charged with a felony, you know, he took away Mr. Enyett's, he took away, well the judge's duty to explain was diminished because the lawyer was standing right there. If he was a pro se defendant, I would imagine that the judge would stop everything and say, do you understand this? But he didn't because he probably thought, well, he's got a lawyer. His lawyer's going to look out for him. I was. I believe that the transcript spoke for itself. The last question I would ask this court to decide is whether ineffective assistance of counsel can be claimed when a lawyer does not tell you the facts. It goes back to Trujillo. If you don't tell your client the actual offer, and in this case, there was no offer. He made him think that there was an offer. He said, oh yeah, you're not going to be charged with a felony. That's the greatest offer of all time. It's a legitimate reason to enter a guilty plea when you're looking at a misdemeanor versus a felony. What about the prejudice that you have to show? Here your client blew a .084. He admitted he was driving. What defense would he have? It took away his decision whether to go to trial or not. I can just say that but for this attorney's... I believe that the attorney did render ineffective assistance. His performance was deficient because he did not allow my client to make a voluntary and knowing decision. He withheld information from my client. But for that, which goes to the prejudice, he would not be in the situation he's in. He could have gone to trial with a .08. I have DUI clients where they have even over .10 and I say go to trial. Bring in an expert to challenge the breathalyzer machine. There are a number of things. And then when you hear the second prosecutor at the sentencing say, I'm not asking for a conviction. She basically says, I want court supervision for this man. Do you get court supervision in Champaign County on a DUI? No, but I've heard they don't. But I was kind of surprised to read the sentencing transcript where the prosecutor said, Your Honor, I'm not asking. I'm not arguing strongly for a conviction. I'm not sure that makes a big difference over there. Everything was taken from the client where he could make a decision. He was not allowed to make any decisions in this case. But for the information that he was given by his lawyer, he could have made an intelligent decision. If the court does not have further questions, I will conclude my remarks. Mr. Majors. May it please the court, counsel. My intention to be brief unless the court disagrees. I'm looking at the volume, or at least it was volume two when I had it of the plea hearing. I find three separate times when the trial judge asked the defendant if anyone had made any promises or threats or pressured him in any way. Three times, twice before the prosecutor revealed that it was not a felony case and couldn't be a felony case, and once after. Counsel's representations here briefly are based on the defendant's testimony at the motion to withdraw hearing. And the trial judge found him not to be credible. So I think the trial judge was in a better position to know what defendant's frame of mind was at the plea hearing and compare that with defendant's testimony at the motion to withdraw. He found the defendant knowingly pleaded guilty and found that he was not credible at the motion to withdraw. Counsel is a worthy advocate and made a great plea on behalf of her client, but she kept saying or implying or coming up close to saying, he didn't know. He didn't know until sentencing. He didn't know until sentencing. He was misled. It's right here in the record before he pleads guilty. As it turns out, there was a probationary license. Based on our investigation, it's not such that would trigger the lack of license felony charge. The judge turns to defense counsel. He doesn't have any questions. He turns then to defendants and says, do you understand that? Do you understand the state is not making any promises to you? This is the third time that the judge went through this. Defendant, yes. I understand that. Where is the support in the record for defendant's argument? Other than his own testimony? There isn't any. Questions? Rebuttal? We will take this clause under advisement and stand in recess until the readiness of the next call.